UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>-against-<br><br>ZURAB BUZIASHVILI,<br><br>                Defendant. | 17 Cr. 350 (LAP)<br><br>MEMORANDUM & ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is Defendant Zurab Buziashvili's motion (dkt. no. 1266) for compassionate release pursuant to 18 U.S.C. section 3582(c)(1)(A) due to the COVID-19 pandemic and because of the needs of his elderly parents. For the reasons set forth below, the motion is denied.

    I.    FACTUAL BACKGROUND

    Defendant was prosecuted for his conduct in connection with the so-called "Shulaya Enterprise," an organized criminal group that operated between roughly 2014 and 2017. During its existence, the Shulaya Enterprise pursued a spectrum of criminal activity. Among other things, the Shulaya Enterprise transported and sold stolen property, ran an illegal gambling parlor, extorted debtors to its gambling operations, laundered criminal proceeds, and planned to rig slot machines to defraud casinos. (See PSR ¶ 12.) For his part, Defendant participated in identity fraud and cargo theft activities with other members of the Enterprise, and rendered

some assistance in an unsuccessful plot to extort a businessman through blackmail. (See PSR ¶¶ 12-24.)

On May 1, 2018, Defendant pleaded guilty to a two-count superseding information charging him with conspiring to traffic in stolen property and conspiring to commit identity fraud. See PSR ¶ 6. On September 6, 2018, the Honorable Katharine B. Forest sentenced Defendant principally to a term of 38 months' imprisonment. (See dkt. no. 1007.)

Defendant has been serving his sentence at FCI Allenwood Low. BOP estimates that Defendant will complete his sentence on September 21, 2020—that is, in just under two months. BOP has determined that Defendant is not eligible for an early transfer to home confinement under BOP's statutory authority because he is a removable alien.

On May 13, 2020, Defendant requested that the Bureau of Prisons support his request for compassionate release. The Warden of FCI Allenwood denied his request on May 20, 2020.

On June 10, 2020, Defendant filed his motion for immediate release pursuant to 18 U.S.C. § 3582. (See dkt. no. 1266.) His motion advances two primary arguments for relief: first, that Defendant suffers from health conditions that place his personal health at risk during the pandemic while he is confined in a prison environment, (id. at 4-5); and, second, that Defendant's elderly parents require his care and assistance, (id. at 11-12). Defendant

also generally argues that the BOP is unable to keep him safe or respond appropriately to the pandemic. (See id. at 7-10.) The Government filed an opposition to Defendant's motion on July 2, 2020. (See dkt. no. 1271.) With leave of the Court, Defendant filed reply papers on July 20, 2020. (See dkt. no. 1275.)

II. APPLICABLE LAW

Although a court may not normally modify a term of imprisonment once it has been imposed, there are certain limited exceptions, including 'compassionate release.'" United States v. Demaria, No. 17 CR. 569 (ER), 2020 WL 1888910, at *2-3 (S.D.N.Y. Apr. 16, 2020) (quotation marks omitted). The relevant statute—18 U.S.C. § 3582(c)(1)(A)—affords prisoners two paths for relief: (a) the Director of the Bureau of Prisons may move the court or (b) the prisoner himself may move the court, but only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. 3582(c)(1)(A); Demaria, 2020 WL 1888910, at *2.

A district court's consideration of a compassionate release motion is guided by the policy statement within U.S. Sentencing Guidelines § 1B1.13. See 18 U.S.C. § 3582(c)(1)(A). The Guidelines place two conditions on a determination of early release:

    (1)    There are extraordinary and compelling reasons that warrant the reduction and

    (2)    A situation where "the defendant is not a danger to the safety of any other person or to the community."

U.S.S.G. § 1B1.13. The Guidelines include as an "extraordinary and compelling reasons" the existence of "a serious physical or medical condition ... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Id. cmt. 1(A)(ii)(I).

When determining whether a prisoner is a danger to the community, section 1B1.13 refers to 18 U.S.C. § 3142(g), which in turn lists the following factors to be considered:

    (1)  the nature and circumstances of the offense charged ...;

    (2) the weight of the evidence against the person;

    (3)  the history and characteristics of the person ... and

    (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

If a prisoner presents extraordinary and compelling circumstances, and poses no danger to the community, the sentencing court "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section

4

3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

As the proponent of the motion, the defendant bears the burden of proving "extraordinary and compelling reasons" exist under the above criteria to justify early release, that he is not a danger to the community, and that the Section 3553(a) factors and all other relevant considerations warrant the Court exercising its discretion to grant early release. See United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue.").

III. DISCUSSION

Defendant has not demonstrated "extraordinary and compelling" medical reasons warranting his release. As noted in the PSR, Defendant suffers medical challenges arising out of a 2011 car accident, including nerve damage, (PSR ¶ 77), and mental health problems arising out of his combat experience, (PSR ¶ 84). In his reply, Defendant elaborates on his hypertension, nerve damage, liver dysfunction, and ulcerative colitis, (dkt. no. 1275 at 3-7), but none of these conditions is known to place Defendant at greater risk from COVID-19. And, as set out in the Government's papers, the Bureau of Prisons has taken numerous steps to minimize the spread of COVID-19 within its institutions. Although Defendant

sounds the alarm about COVID-19 cases in the BOP, the BOP cannot act as a guarantor against the disease.

Similarly, the care needs of Defendant's elderly parents do not constitute "extraordinary and compelling" circumstances warranting release.  To be sure, the applicable Sentencing Commission policy statement includes certain family circumstances that do constitute "extraordinary and compelling" circumstances warranting a defendant's release, namely "[t]he death or incapacitation of the caregiver of the defendant's minor child" or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver." U.S.S.G. § 1B1.13 Application Note 1(C).  Defendant's circumstances do not come within the policy statement because they relate to his parents, not to his spouse or his child.

Defendant argues that his situation is analogous to the "only available caregiver" situation, but it is not.  Defendant's sister is available to care for their parents.  It is only that Defendant is the preferred caregiver because his sister works in a hospital laboratory and needs relief from the burden of care that Defendant argues that he is the "only available caregiver."  While there is certainly a burden imposed on Defendant's sister, it does not constitute "extraordinary and compelling" circumstances warranting release within the meaning of the statute.

IV. CONCLUSION

For the reasons set out above, Defendant's motion (dkt. no. 1266) for compassionate release is denied.  Chambers will mail a copy of this Order to Defendant.

**SO ORDERED.**

Dated:    New York, New York
          July 22, 2020

　　　　　　　　　　　*Loretta A. Preska*
          _____
          LORETTA A. PRESKA
          Senior United States District Judge